**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Joseph S. Maniscalco, Esq.
Holly R. Holecek, Esq.
Nicholas C. Rigano, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| INNOVEST HOLDINGS, LLC, | Case No.: 13-22748 (RDD) |
| Debtor. | |

-------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| ROMAN SLEDZIEJOWSKI, | Case No.: 13-22050 (RDD) |
| Debtor. | |

-------------------------------------------------------------------x

| | |
|---|---|
| MARIANNE T. O'TOOLE, as Chapter 7 Trustee of the estate of Roman Sledziejowski, | |
| | Adv. Pro. No.: 15- |
| Plaintiff, | |
| -against- | |
| MYPLACE DEVELOPMENT SP. Z O.O., SEBASTIAN TOMASZ KULCZYK, BARTLOMIEJ POPIELSKI, ANDRZEJ DREWS, MICHAEL GRZYBKOWSKI, KULCZYK REAL ESTATE HOLDING S.A.R.L., KULCZYK REAL ESTATE INVESTMENT COMPANY, KULCZYK REAL ESTATE SOCIETE, KULCZYK INVESTMENTS SA, KULCZYK HOLDING SA, NENYA CAPITAL SPOLKA KOMANDYTOWA, NENYA CAPITAL SP. Z O.O., PHENOMIND VENTURES S.A., JOHN DOE "1" THROUGH "100", JANE DOE "1" THROUGH "100", JOHN DOE CORPORATIONS "1" THROUGH "100", and OTHER JOHN DOE ENTITIES "1" THROUGH "100", | |
| Defendants. | |

-------------------------------------------------------------------x

```
-------------------------------------------------------------------x
```
MARIANNE T. O'TOOLE, as Chapter 7 Trustee
of the estate of Innovest Holdings, LLC,

                                                        Adv. Pro. No.: 15-

                  Plaintiff,

-against-

MYPLACE DEVELOPMENT SP. Z O.O.,
SEBASTIAN TOMASZ KULCZYK, BARTLOMIEJ
POPIELSKI, ANDRZEJ DREWS, MICHAEL
GRZYBKOWSKI, KULCZYK REAL ESTATE HOLDING
S.A.R.L., KULCZYK REAL ESTATE INVESTMENT
COMPANY, KULCZYK REAL ESTATE SOCIETE,
KULCZYK INVESTMENTS SA, KULCZYK HOLDING
SA, NENYA CAPITAL SPOLKA KOMANDYTOWA,
NENYA CAPITAL SP. Z O.O., PHENOMIND
VENTURES S.A., JOHN DOE "1" THROUGH "100",
JANE DOE "1" THROUGH "100", JOHN DOE
CORPORATIONS "1" THROUGH "100", and OTHER
JOHN DOE ENTITIES "1" THROUGH "100",

                  Defendants.
```
-------------------------------------------------------------------x
```

## COMPLAINT

Marianne T. O'Toole, in her capacity as Chapter 7 Trustee (the "Trustee" or "Plaintiff")

of the estates of Roman Sledziejowski ("Sledziejowski") and Innovest Holdings LLC

("Innovest") and together with Sledziejowski, the "Debtors"), by her attorneys, LaMonica Herbst

& Maniscalco, LLP, as and for her complaint (the "Complaint") against Defendants MyPlace

Development SP. Z O.O. ("MyPlace Development"), Sebastian Tomasz Kulczyk ("Kulczyk"),

Bartlomiej Popielski ("Popielski"), Andrzej Drews ("Drews"), Michael Grzybkowski

("Grzybkowski"), Kulczyk Real Estate Holding S.A.R.L. ("KREH"), Kulczyk Real Estate

Investment Company ("KREIC"), Kulczyk Real Estate Societe ("KRES"), Kulczyk Investments

SA ("KI"), Kulczyk Holding SA ("KH"), Nenya Capital Spolka Komandytowa ("NCSK"),

Nenya Capital SP. Z O.O. ("Nenya"), Phenomind Ventures S.A. ("Phenomind"), John Doe "1"

Through "100", Jane Doe "1" Through "100", John Doe Corporations "1" Through "100" and

Other John Doe Entities "1" Through "100" (collectively, the "Unknown Defendants" and, together with MyPlace Development, Kulczyk, Popielski, Drews, Grzybkowski, KREH, KREIC, KRES, KI, KH, NCSK, Nenya, and Phenomind, the "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.      This adversary proceeding is brought by the Trustee, inter alia, (i) to recover an account receivable in excess of $7.2MM U.S. Dollars due and owing by one or more of the Defendants to the Debtors, (ii) to direct turnover of property of the estates, (iii) to avoid and recover the Transfer (as defined below) made by the Debtors to the Defendants as constructive fraudulent transfers, (iv) to recover damages relating to the failure of Defendants to repay the Transfers, (v) to direct the turnover and an accounting of the Transfers, as well as other transfers made by the Debtors to or for the benefit of Defendants, and (vi) to grant injunctive relief against Defendants.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

3.      The predicates for the relief sought herein include 11 U.S.C. §§ 105(a), 323, 542, 544, 547, 548, 549, 550 and 551 (the "Bankruptcy Code"), New York State Debtor and Creditor Law §§ 270 et seq., Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure and New York common law.

4.      Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1409(a).

5.      This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(A), (B), (E), (H), (K) and (O).

6.      The Trustee is authorized to file this action pursuant to Bankruptcy Code § 323 and Bankruptcy Rule 6009.

7.      At all times relevant, the Debtors and one or more of the Defendants were engaged in business transactions including, inter alia, making wire transfers to accounts based in the United States, exchanging contracts and other business-related transactional documents over the internet and conducting business transactions over telecommunications systems.

8.      At all times relevant, one or more of the Defendants were present in the United States for, inter alia, the purpose of transacting business.

9.      Upon information and belief, the Defendants conducted business over the internet and/or telecommunication systems with one or both of the Debtors who were located in the United States including, but not limited to, New York.

10.     Upon information and belief, the Defendants exchanged documents over the internet with one or more of the Debtors who were located in the United States including, but not limited to, New York.

11.     Upon information and belief, the Defendants entered into contracts with Sledziejowski, a United States citizen, and/or Innovest, a United States limited liability company.

12.     Defendants have the requisite minimum contacts with the United States including but, not limited to, New York.

13.     Pursuant to Local Rule 7008-1 of the Bankruptcy Court for the Southern District of New York, Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Judge presiding over this adversary proceeding if it is determined that the Bankruptcy Judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

4

## THE PARTIES

14.     Plaintiff is the Chapter 7 Trustee of the Debtors' estates.

15.     Debtor Roman Sledziejowski is an individual with an address of 195 Evan Drive, Ossining, New York.

16.     Sledziejowski was and/or is an equity holder of MyPlace Development.

17.     Debtor Innovest is a domestic limited liability company.

18.     According to Innovest's chapter 7 bankruptcy petition, Innovest maintained an office at 739 Manhattan Avenue, Brooklyn, New York.

19.     Innovest was and/or is an equity holder of MyPlace Development.

20.     Defendant MyPlace Development is a Polish limited liability company located at ul. Smoker 113, Poznan, 60-133 Poznan, Poland.

21.     Defendant Kulczyk is an individual residing in Poland.

22.     Upon information and belief, Defendant Kulczyk, along with the Debtors, has an equity interest in Defendant MyPlace Development.

23.     Upon information and belief Defendant Kulczyk is the Chairman of the Board of Directors of Defendant MyPlace Development.

24.     Upon information and belief, the Debtors transferred all or part of their equity interests in Defendant MyPlace Development to Defendant Kulczyk for nominal consideration within six (6) years of the dates the Debtors filed their bankruptcy petitions in this Court.

25.     Upon information and belief, Defendant Popielski is an individual residing in Poland.

26.     Upon information and belief, Defendant Popielski, along with the Debtors, has an equity interest in Defendant MyPlace Development.

27.     Upon information and belief, the Debtors transferred all or part of their equity interests in Defendant MyPlace Development to Defendant Popielski for nominal consideration within six (6) years of the dates the Debtors filed their bankruptcy petitions in this Court.

28.     Upon information and belief, Defendant Drews is an individual residing in Poland.

29.     Upon information and belief, Defendant Drews, along with the Debtors, has an equity interest in Defendant MyPlace Development.

30.     Upon information and belief, the Debtors transferred all or part of their equity interests in Defendant MyPlace Development to Defendant Drews for nominal consideration within six (6) years of the dates the Debtors filed their bankruptcy petitions in this Court.

31.     Upon information and belief, Defendant Grzybkowski is an individual residing in Poland.

32.     Upon information and belief, Defendant Grzybkowski, along with the Debtors, has an equity interest in Defendant MyPlace Development.

33.     Upon information and belief, the Debtors transferred all or part of their equity interests in Defendant MyPlace Development to Defendant Grzybkowski for nominal consideration within six (6) years of the dates the Debtors filed their bankruptcy petitions in this Court.

34.     Upon information and belief, Defendant KREH is a real estate holding and development company focused on Polish and Central and Eastern European markets that does business in Poland.

35.     Upon information and belief, Defendant KREH, along with the Debtors, has an equity interest in Defendant MyPlace Development.

36.     Upon information and belief, the Debtors transferred all or part of their equity interests in Defendant MyPlace Development to Defendant KREH for nominal consideration within six (6) years of the dates the Debtors filed their bankruptcy petitions in this Court.

37.     Upon information and belief, Defendant KREIC is a real estate investment company that does business in Poland.

38.     Upon information and belief, Defendant KREIC, along with the Debtors, has an equity interest in Defendant MyPlace Development.

39.     Upon information and belief, the Debtors transferred all or part of their equity interests in Defendant MyPlace Development to Defendant KREIC for nominal consideration within six (6) years of the dates the Debtors filed their bankruptcy petitions in this Court.

40.     Upon information and belief, Defendant KRES is a real estate investment company that does business in Poland.

41.     Upon information and belief, Defendant KRES, along with the Debtors, has an equity interest in Defendant MyPlace Development.

42.     Upon information and belief, the Debtors transferred all or part of their equity interests in Defendant MyPlace Development to Defendant KRES for nominal consideration within six (6) years of the dates the Debtors filed their bankruptcy petitions in this Court.

43.     Upon information and belief, Defendant KI is an investment company that does business in Poland with an address of 3 Grafton Street, Mayfair, London, W1S 4EE

44.     Upon information and belief, Defendant KI, along with the Debtors, has an equity interest in Defendant MyPlace Development.

45.     Upon information and belief, the Debtors transferred all or part of their equity interests in Defendant MyPlace Development to Defendant KI for nominal consideration within six (6) years of the dates the Debtors filed their bankruptcy petitions in this Court.

46.     Upon information and belief, Defendant KH is an investment company that does business in Poland.

47.     Upon information and belief, Defendant KH, along with the Debtors, has an equity interest in Defendant MyPlace Development.

48.     Upon information and belief, the Debtors transferred all or part of their equity interests in Defendant MyPlace Development to Defendant KH for nominal consideration within six (6) years of the dates the Debtors filed their bankruptcy petitions in this Court.

49.     Upon information and belief, Defendant NCSK is an investment company that does business in Poland.

50.     Upon information and belief, Defendant NCSK, along with the Debtors, has an equity interest in Defendant MyPlace Development.

51.     Upon information and belief, the Debtors transferred all or part of their equity interests in Defendant MyPlace Development to Defendant NCSK for nominal consideration within six (6) years of the dates the Debtors filed their bankruptcy petitions in this Court.

52.     Upon information and belief, Defendant Nenya is an investment company that does business in Poland.

53.     Upon information and belief, Defendant Nenya, along with the Debtors, has an equity interest in Defendant MyPlace Development.

54.    Upon information and belief, the Debtors transferred all or part of their equity interests in Defendant MyPlace Development to Defendant Nenya for nominal consideration within six (6) years of the dates the Debtors filed their bankruptcy petitions in this Court.

55.    Upon information and belief, Defendant Phenomind is an investment company that does business in Poland.

56.    Upon information and belief, Defendant Phenomind, along with the Debtors, has an equity interest in Defendant MyPlace Development.

57.    Upon information and belief, the Debtors transferred all or part of their equity interests in Defendant MyPlace Development to Defendant Phenomind for nominal consideration within six (6) years of the dates the Debtors filed their bankruptcy petitions in this Court.

58.    John Does "1" through "100" are those yet unknown individual transferees who: (a) are initial or subsequent transferees of the Transfer, or benefits arising therefrom, of the Debtors' equity interest in Defendant MyPlace Development; and/or (b) are liable for the indebtedness extended by the Debtors to Defendant MyPlace Development.

59.    Jane Does "1" through "100" are those yet unknown individual transferees who: (a) are initial or subsequent transferees of the Transfer, or benefits arising therefrom, of the Debtors' equity interest in Defendant MyPlace Development; and/or (b) are liable for the indebtedness extended by the Debtors to Defendant MyPlace Development.

60.    John Doe Corporations "1" through "100" are those yet unknown business entity transferees who: (a) are initial or subsequent transferees of the Transfer, or benefits arising therefrom, of the Debtors' equity interest in Defendant MyPlace Development; and/or (b) are liable for the indebtedness extended by the Debtors to Defendant MyPlace Development.

61.     Other John Doe Corporations "1" through "100" are those yet unknown business entity transferees who: (a) are initial or subsequent transferees of the transfer, or benefits arising therefrom, of the Debtors' equity interest in Defendant MyPlace Development; and/or (b) are liable for the indebtedness extended by the Debtors to Defendant MyPlace Development.

## PROCEDURAL AND FACTUAL HISTORY

### A.     Sledziejowski's Bankruptcy Filing

62.     On January 15, 2013 (the "Sledziejowski Petition Date"), Sledziejowski filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

63.     According to Sledziejowski's Schedule B, Sledziejowski had less than $11,000.00 cash, nominal household furnishings, little jewelry, and an IRA with Pershing LLC worth $28,000.00 as of the Sledziejowski Petition Date.

64.     By Order dated March 27, 2013 [Case No. 13-22050, Dkt. No. 27], the Court directed the appointment of a Chapter 11 Trustee.

65.     By Notice of Appointment of Chapter 11 Trustee dated March 28, 2013 [Case No. 13-22050, Dkt. No. 28], the Office of the United States Trustee appointed Marianne T. O'Toole as Chapter 11 Trustee of Sledziejowski's estate.

66.     By Order dated March 28, 2013 [Case No. 13-22050, Dkt. No. 31], the Court approved the appointment of Marianne T. O'Toole as Chapter 11 Trustee of Sledziejowski's estate.

67.     By Stipulation and Order dated April 15, 2013 [Case No. 13-22050, Dkt. No. 50], Sledziejowski's case was consensually converted from a case under Chapter 11 of the Bankruptcy Code to a case under Chapter 7 of the Bankruptcy Code as of April 15, 2013.

68.     By Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines dated April 15, 2013 [Case No. 13-22050, Dkt. No. 52], Marianne T. O'Toole was appointed as the interim Chapter 7 Trustee of Sledziejowski's estate.

69.     On June 13, 2013, Sledziejowski appeared at the Bankruptcy Code § 341(a) meeting of creditors and testified under oath on behalf of himself and Innovest (the "341 Meeting").

70.     By operation of law, Marianne T. O'Toole became the permanent trustee of Sledziejowski's estate.

**B.      Innovest's Bankruptcy Filing**

71.     On May 10, 2013 (the "Innovest Petition Date" and, together with the Sledziejowski Petition Date, the "Petition Dates"), Innovest filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code in the Court.

72.     By Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines dated May 10, 2013, Marianne T. O'Toole was appointed as the interim Chapter 7 Trustee of Innovest's estate and, by operation of law, Marianne T. O'Toole became the permanent trustee of Innovest's estate.

**C.      The Debtors' Financial State**

73.     According to Sledziejowski's U.S. Individuals Income Tax Return (Form 1040) for the year 2009, Sledziejowski earned wages of $130,595.00 and had a business loss of <$844,993.00> during the 2009 tax year.

74.     The 2009 Tax Return reflects total losses of <$1,004,154.00>.

75.    According to Sledziejowski's U.S. Individuals Income Tax Return (Form 1040) for the year 2010, Sledziejowski earned wages of $89,000.00 and had a business loss of <$989,438.00> during the 2010 tax year.

76.    The 2010 Tax Return reflects total losses of <$1,026,778.00>.

77.    According to Sledziejowski's U.S. Individuals Income Tax Return (Form 1040) for the year 2011, Sledziejowski earned wages of $36,100.00 and a business loss of <$1,096,356.00> during the 2011 tax year.

78.    The 2011 Tax Return reflects total losses of <$1,202,039.00>.

79.    Upon information and belief, Innovest did not file an income tax return with the Internal Revenue Service at any point prior to the Innovest Petition Date or since.

80.    Innovest may have been treated as a disregarded limited liability company.

81.    Upon information and belief, according to Sledziejowski's personal income tax returns and testimony, Innovest reported $1.00 of gross receipts, $1.00 of gross profit, $1.00 of gross income and $0.00 of expenses for each of the years of 2008 through 2011.

82.    Upon information and belief, neither Sledziejowski nor Innovest has filed tax returns for 2012, 2013 or 2014.

83.    Upon information and belief, at all times relevant, Sledziejowski was insolvent.

84.    Upon information and belief, at all times relevant, Innovest was insolvent.

85.    Upon information and belief, at all times relevant, Sledziejowski was unable to pay his debts as they became due.

86.    Upon information and belief, at all times relevant, Innovest was unable to pay its debts as they became due.

87.     Upon information and belief, Sledziejowski's inability to pay his debts as they came due continued through the Sledziejowski Petition Date.

88.     Upon information and belief, Innovest's inability to pay its debts as they came due continued through the Innovest Petition Date.

89.     Upon information and belief, at all times relevant, Sledziejowski intended to incur debts beyond his ability to pay as they came due.

90.     Upon information and belief, at all times relevant, Innovest intended to incur debts beyond its ability to pay as they came due.

91.     Upon information and belief, at all times relevant, Sledziejowski was left with unreasonably small capital.

92.     Upon information and belief, at all times relevant, Innovest was left with unreasonably small capital.

93.     Upon information and belief, at all times relevant, Innovest did not have any income.

94.     Upon information and belief, at all times relevant, Innovest had no proper legal business purpose.

95.     There are no books and records of Innovest identifying a legitimate business purpose.

96.     Innovest shared offices with TWS Financial LLC ("TWS"), which is being liquidated by the Securities and Investor Protection Agency in the United States Bankruptcy Court for the Eastern District of New York under Adv. Pro. No. 13-01152, at 739 Manhattan Avenue, Brooklyn, New York 11222 (the "Manhattan Avenue Premises").

97.     At all times relevant, Sledziejowski was the chief executive officer and managing director of TWS.

98.     At all times relevant, Innovest was the 100% owner of TWS.

**D.     The Debtors' Testimony and Communication to the Trustee**

99.     Sledziejowski was examined by the Trustee pursuant to a Rule 2004 Order issued by the Court.

100.    Sledziejowski was examined individually and as a designated representative Innovest.

101.    During the Rule 2004 examination of the Debtors, the Debtors provided sworn testimony regarding their assets and liabilities.

102.    The Debtors met with the Trustee and her counsel regarding the petition, schedules and statement of financial affairs, and the pursuit of claims and assets for the benefit of creditors.

103.    During meetings with the Debtors, the Debtors provided information to the Trustee regarding the location of potential assets located in Poland.

104.    Sledziejowski testified to having an interest in various real estate projects located in Poland to or for the benefit of Debtors.

105.    Sledziejowski testified that he had extensive business transactions with Defendants, most prominently Defendant Kulczyk.

106.    Sledziejowski testified that he had at least three (3) real estate investment projects with Defendants, and indirectly with Defendant Kulczyk.

107.    Sledziejowski testified that the real estate projects with Defendant Kulczyk occurred over several years.

108.    Sledziejowski testified that the real estate projects were accomplished through Defendant MyPlace Development.

109.    Upon information and belief, Defendant MyPlace Development was formed in 2007.

110.    At the time of its formation, according to Sledziejowski, he maintained a 25% ownership interest in MyPlace Development (the "MyPlace Development Ownership").

111.    At the time of its formation, according to Sledziejowski, the other owners of Defendant MyPlace Development were Defendant Kulczyk,[1] Defendant Drews and Defendant Grzybkowski.

112.    Sledziejowski testified that the ownership structure of Defendant MyPlace Development in or about 2009 was Defendant Kulczyk – 40%, Sledziejowski – 25%, Defendant Grzybkowski – 20%, and the remaining 15% was held by Defendant Drews and Defendant Popielski.

**E.    The Purchase and Zoning of Farmland in Robakowo, Poznan, Poland**

113.    Sledziejowski testified about a real estate project accomplished through MyPlace Development in Poznan, Poland.

114.    Sledziejowski testified that MyPlace Development contemplated a deal to acquire and develop farmland in the town of Poznan, Poland and have it rezoned as commercial land (the "Poznan Project").

115.    Sledziejowski testified that he assisted with the acquisition and purchase of 85 acres of farmland located outside Poznan, Poland to effectuate the Poznan Project.

---

[1]    Sledziejowski testified that Defendant Kulczyk held all or a portion of his interest in MyPlace Development in entities called Phenomind Ventures S.A. and/or Nenya Capital Spolka Komandytowa, named Defendants hereto.

116.    Sledziejowski testified that the intent of the Poznan Project was to rezone the farmland and have it redeveloped for commercial use in order to reduce the cost basis for development real estate.

117.    Sledziejowski testified that the Poznan Project was successful in a portion of the rezoning.

118.    Upon information and belief, the municipality that the Poznan Project was located is called Robakowo.

119.    Upon information and belief, according to Sledziejowski, the Poznan Project occurred over a period of two (2) years and involved several tracts of land and plots.

120.    Sledziejowski testified that appraisals were conducted between 2008 and 2010 that placed a value on the Poznan Project at $70MM Polish zloty, or $20MM U.S. dollars.

121.    Sledziejowski testified that he and/or Innovest had an ownership interest and/or lending relationship with the Defendants in connection with the Poznan Project.

122.    Sledziejowski testified that Innovest had an interest in the Poznan Project.

123.    According to Sledziejowski, he and/or Innovest provided millions of dollars for the Poznan Project.

124.    Sledziejowski testified that his and/or Innovest's ownership interest in the Poznan Project was worth $8MM U.S. dollars.

125.    Sledziejowski testified that he provided money, advice, consulting and expertise in connection with the Poznan Project.

**F.**     **The Purchase of Real Estate in Lusowko, Poland**

126.    Sledziejowski testified about a real estate project accomplished through MyPlace Development located in the north western part of Poznan, Poland in a town called Lusowko (the "Lusowko Project").

127.    Sledziejowski testified that the Lusowko Project was purchased with existing zoning authority.

128.    Sledziejowski testified that the Lusowko Project consisted of 6 acres of land located on a lake.

129.    Sledziejowski testified that the Lusowko Project was purchased to create and develop 40-60 residential apartments.

130.    According to Sledziejowski, all zoning for the Lusowko Project was completed.

131.    According to Sledziejowski, he and/or Innovest provided millions of dollars for the Lusowko Project.

132.    Sledziejowski testified that he and/or Innovest invested and/or loaned an amount in excess of $1.5MM U.S. dollars into the Lusowko Project.

133.    Sledziejowski testified that the Lusowko Project had an appraisal completed which provided a value of $3MM U.S. dollars.

**G.**     **The Purchase of Real Estate in Szczytniki, Poland**

134.    Sledziejowski testified about a real estate project accomplished through MyPlace Development located in a town called Szczytniki (the "Szczytniki Project" and together with the Poznan Project and the Lusowko Project, the "Poland Real Estate Projects").

135.    Sledziejowski testified that the Szczytniki Project was purchased with existing zoning authority.

17

136.    Sledziejowski testified that the Szczytniki Project consisted of 13 acres of land already zoned for residential development.

137.    According to Sledziejowski, all zoning for the Szczytniki Project was completed.

138.    According to Sledziejowski, appraisals for the Szczytniki Project valued the land and the Szczytniki Project at $5MM U.S. dollars.

139.    According to Sledziejowski, he and/or Innovest provided over $3MM U.S. dollars in capital and/or lending in connection with the Szczytniki Project.

140.    According to Sledziejowski, the real estate, land, development rights, zoning, etc. are all owned by Defendant MyPlace Development.

141.    Sledziejowski testified that the Poland Real Estate Projects were structured as equity interests, promissory notes with interest and a success fee kicker.

**H.    The MyPlace Financing Arrangement**

142.    Sledziejowski testified that, in addition to the MyPlace Development Ownership, the Debtors extended financing to MyPlace Development (the "MyPlace Financing Arrangement").

143.    Upon information and belief, in late 2009, Defendant KH transferred $7.22 MM U.S. dollars to Sledziejowski and/or Innovest.

144.    Sledziejowski testified that the aforementioned amount represented half of the outstanding balance of the monies owed by Defendant MyPlace Development under the terms of the MyPlace Financing Arrangement and/or half of the Debtors' interest in the Poland Real Estate Projects, including MyPlace Development.

18

145.    Pursuant to the MyPlace Financing Agreement, there is a due, owing and unpaid balance to Sledziejowski and/or Innovest in an amount between $7.2MM U.S. dollars and $9MM U.S. dollars.

146.    Sledziejowski and/or Innovest are owed an amount in excess of $7MM U.S. dollars from the Defendants.

147.    The Trustee has made demand for the Defendants to return money owed to the estates.

148.    Despite demand, the Defendants have not returned the money owed to the Debtors.

I.    **The MyPlace Development Ownership Transfer**

149.    Sledziejowski testified that in or around early 2010, Sledziejowski transferred his ownership interest in Defendant MyPlace Development to Defendant KREH, Defendant KREIC and/or Defendant KRES (the "Transfer").

150.    Sledziejowski testified that the Transfer of his MyPlace Development Ownership interest was for nominal value.

151.    Sledziejowski testified that none of the Defendants paid Sledziejowski in exchange for Sledziejowski's transfer of the MyPlace Development Ownership.

152.    By the Transfer, the Debtors transferred an interest of their property to Defendants.

153.    The Debtors made the Transfer to or for the direct benefit of the Defendants.

154.    The Debtors knew they had existing unsecured creditors at the time of the Transfer.

155.    Upon information and belief, the Defendants caused and/or allowed the Debtors to make the Transfer.

156.    The Defendants received the Transfer or received the benefit of the Transfer.

157.    The Defendants accepted the Transfer or the benefit resulting from the Transfer from the Debtors.

158.    The Defendants should not have accepted the Transfer or related benefits from the Debtors.

159.    The Defendants did not accept the Transfer in good faith.

160.    Upon information and belief, the Defendants did not provide reasonably equivalent value in exchange for the Transfer.

161.    Upon information and belief, the Defendants did not provide fair consideration in exchange for the Transfer.

162.    Upon information and belief, the Defendants did not provide any consideration or value to or for the benefit of the Debtors in exchange for the Transfer.

163.    Upon information and belief, the Debtors did not receive reasonably equivalent value in exchange for the Transfer.

164.    Upon information and belief, the Debtors did not receive fair consideration in exchange for the Transfer.

165.    Upon information and belief, the Debtors did not receive any consideration or value in exchange for the Transfer.

166.    Upon information and belief, the Defendants knew that the Debtors made the Transfer.

167.    Upon information and belief, the Debtors siphoned the Transfer to Defendants to keep their property beyond the reach of their creditors.

168.    Upon information and belief, the Debtors made the Transfer to avoid satisfying obligations owed to their existing creditors at the time of the Transfer.

169.    Upon information and belief, the Debtors made the Transfer to the Defendants with the intent to hinder, delay and/or defraud the Debtors' creditors.

170.    Upon information and belief, by the Transfer, the Debtors successfully hindered, delayed and/or defrauded one or more of their unsecured creditors.

171.    Upon information and belief, at all times relevant, the Defendants received transfers of property, other than the Transfer, from the Debtors.

172.    Upon information and belief, there are transfers of property, other than the Transfer, that the Debtors made to, or for the benefit of, Defendants which the Trustee reserves the right to assert up to the date of trial.

173.    The Debtors had unsecured creditors at the time of the Transfer who were also creditors as of the Petition Dates.

## FIRST CLAIM FOR RELIEF AGAINST THE DEFENDANTS
### (Breach of Contract)

174.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "173" as if fully set forth herein.

175.    Sledziejowski testified that the Debtors and Defendant MyPlace Development entered into the MyPlace Financing Arrangement.

176.    Upon information and belief, one or more of the Defendants were liable under the terms of the MyPlace Financing Arrangement.

21

177.    Upon information and belief, the Debtors performed, or substantially performed their obligations under the MyPlace Financing Arrangement.

178.    The Defendants breached the terms of the MyPlace Financing Arrangement.

179.    The Debtors have suffered damages as a result of the Defendants' breach of the MyPlace Financing Arrangement by the Defendants.

180.    By reason of the foregoing, Plaintiff is entitled to an award against Defendant in an amount to be determined at trial, plus interest thereon, attorneys' fees and costs, and such other amounts as may be determined by the Court.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANT KREH, DEFENDANT KREIC AND DEFENDANT KRES**
**(Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b)**
**and 550 and New York Debtors and Creditor Law §273)**

181.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "180" as if fully set forth herein.

182.    Within six years of the Petition Dates, the Debtors made the Transfer to Defendant KREH, Defendant KREIC and/or Defendant KRES.

183.    The Transfer was made while the Debtors were insolvent.

184.    The Debtors did not receive fair consideration for the Transfer.

185.    The Transfer constitutes a fraudulent conveyance in violation of New York State Debtors and Creditor Law § 273.

186.    By reason of the foregoing, pursuant to Bankruptcy Code §§ 544, 550 and 551 and New York State Debtors and Creditor Law § 273, Plaintiff may avoid the Transfer and is entitled to a judgment against Defendants KREH, KREIC and KRES: (a) avoiding the Transfer; (b) in an amount of the Transfer to be determined at trial, plus interest thereon from the date of

the Transfer, attorneys' fees and costs, and such other amounts as may be determined by the Court.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANT KREH, DEFENDANT KREIC AND DEFENDANT KRES**
**(Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b),**
**550 and 551 and New York Debtors and Creditor Law § 274)**

187.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "186" as if fully set forth herein.

188.    Within six years of the Petition Dates, the Debtors made by the Transfer of property to Defendant KREH, Defendant KREIC and/or Defendant KRES.

189.    At the time of the Transfer, the Debtors were engaged or was about to engage in a business or transaction for which the property remaining in the possession of the Debtors after the Transfer was unreasonably small capital.

190.    The Debtors did not receive fair consideration for the Transfer.

191.    The Transfer constitutes a fraudulent conveyance in violation of New York State Debtors and Creditor Law § 274.

192.    By reason of the foregoing, pursuant to Bankruptcy Code §§ 544, 550 and 551 and New York State Debtors and Creditor Law § 274, Plaintiff may avoid the Transfer and is entitled to a judgment against Defendants KREH, KREIC and KRES: (a) avoiding the Transfer; (b) in an amount of the Transfer to be determined at trial, plus interest thereon from the date of the Transfer, attorneys' fees and costs, and such other amounts as may be determined by the Court.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT KREH, DEFENDANT
KREIC AND DEFENDANT KRES
(Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b),
550 and 551 and New York Debtors and Creditor Law § 275)**

193.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "192" as if fully set forth herein.

194.    Within six years of the Petition Dates, the Debtors made the Transfer of property to Defendant KREH, Defendant KREIC and/or Defendant KRES.

195.    At the time of the Transfer, the Debtors intended to, or believed that it would, incur debts beyond its ability to pay as they matured.

196.    The Debtors did not receive fair consideration for the Transfer.

197.    The Transfer constitutes a fraudulent conveyance in violation of New York Debtors and Creditor Law § 275.

198.    By reason of the foregoing, pursuant to Bankruptcy Code §§ 544, 550 and 551 and New York State Debtors and Creditor Law § 275, Plaintiff may avoid the Transfer and is entitled to a judgment against Defendants KREH, KREIC and KRES: (a) avoiding the Transfer; (b) in an amount of the Transfer to be determined at trial, plus interest thereon from the date of the Transfer, attorneys' fees and costs, and such other amounts as may be determined by the Court.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT KREH, DEFENDANT KREIC
AND DEFENDANT KRES
(Monies Had and Received)**

199.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "198" as if fully set forth herein.

200.    Within six years of the Petition Dates, the Debtors made the Transfer to Defendant KREH, Defendant KREIC and/or Defendant KRES.

201.    Defendant KREH, Defendant KREIC and/or Defendant KRES did not provide consideration to the Debtors for the Transfer.

202.    Accordingly, Defendant KREH, Defendant KREIC and/or Defendant KRES are not entitled to retain the Transfer.

203.    By reason of the foregoing, Plaintiff is entitled to an award against Defendant KREH, Defendant KREIC and/or Defendant KRES in an amount of the Transfer to be determined at trial, plus interest thereon from the date of the Transfer, attorneys' fees and costs, and such other amounts as may be determined by the Court.

### SIXTH CLAIM FOR RELIEF AGAINST THE DEFENDANTS
### (Monies Had and Received)

204.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "203" as if fully set forth herein.

205.    Sledziejowski testified that the Debtors advanced funds to Defendant MyPlace Development under the terms of the MyPlace Financing Arrangement.

206.    Sledziejowski testified that Defendant MyPlace and, upon information and belief, one or more of the other Defendants are liable under the terms of the MyPlace Financing Arrangement.

207.    Sledziejowski testified that Defendant KH remitted $7.2 million U.S. dollars to the Debtors in late 2009 in partial satisfaction of Defendants obligations under the MyPlace Financing Arrangement.

208.    Sledziejowski testified that Defendants are indebted to the Debtors in an amount in excess of $7 million U.S. dollars.

209.    By reason of the foregoing, Plaintiff is entitled to an award against Defendants in an amount of the outstanding indebtedness owed by Defendants under the terms of the MyPlace

Financing Arrangement to be determined at trial, plus interest thereon from the date of the Transfer, attorneys' fees and costs, and such other amounts as may be determined by the Court.

### SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT KREH, DEFENDANT KREIC AND DEFENDANT KRES
### <u>(Unjust Enrichment)</u>

210.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "209" as if fully set forth herein.

211.    Defendant KREH, Defendant KREIC and/or Defendant KRES received or obtained the benefit of the Transfer.

212.    Sledziejowski testified that Defendant KREH, Defendant KREIC and/or Defendant KRES provided nominal consideration in exchange for any of the Transfer.

213.    Defendant KREH, Defendant KREIC and/or Defendant KRES did not return the Transfer to Plaintiff or the Debtors.

214.    It would be unjust to allow Defendant KREH, Defendant KREIC and/or Defendant KRES to retain the Transfer because Defendant KREH, Defendant KREIC and/or Defendant KRES did not provide consideration to the Debtors in exchange for the Transfer.

215.    By reason of the foregoing, Plaintiff is entitled to an award against Defendant KREH, Defendant KREIC and/or Defendant KRES in an amount of the Transfer to be determined at trial, plus interest thereon from the date of the Transfer, attorneys' fees and costs, and such other amounts as may be determined by the Court.

### EIGHTH CLAIM FOR RELIEF AGAINST THE DEFENDANTS
### <u>(Unjust Enrichment)</u>

216.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "215" as if fully set forth herein.

217.    Sledziejowski testified that the Debtors loaned funds to Defendant MyPlace Development.

218.    Sledziejowski testified that Defendant KH remitted $7.2 million U.S. dollars to the Debtors in late 2009 in partial satisfaction of Defendants obligations under the MyPlace Financing Arrangement.

219.    Sledziejowski testified that Defendants have not returned in excess of $7 million U.S. dollars of the amounts owed to the Debtors.

220.    It would be unjust to allow Defendants to not return the monies advanced by Debtors to Defendants.

221.    By reason of the foregoing, Plaintiff is entitled to an award against Defendants in an amount of the outstanding balance owed by Defendants on account of the monies loaned by the Debtors to Defendants to be determined at trial, plus interest thereon, attorneys' fees and costs, and such other amounts as may be determined by the Court.

### NINTH CLAIM FOR RELIEF AGAINST DEFENDANT KREH, DEFENDANT KREIC AND DEFENDANT KRES
### (Turnover Pursuant to 11 U.S.C. §§ 541 and 542(a))

222.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "221" as if fully set forth herein.

223.    Defendant KREH, Defendant KREIC and/or Defendant KRES did not provide consideration to the Debtors for the Transfer.

224.    The Transfer was made while the Debtors were insolvent, held unreasonably small capital and/or could not pay its debts as they came due.

225.    The Transfer constitutes property of the Debtors' estates pursuant to Bankruptcy Code § 541(a).

226.    Based on the foregoing, the Court should compel Defendant KREH, Defendant KREIC and/or Defendant KRES to turn over all property of the Debtors, including without limitation, the Transfer, plus interest, to the Trustee for the benefit of the Debtors' estates and creditors.

## TENTH CLAIM FOR RELIEF AGAINST THE DEFENDANTS
### (Turnover Pursuant to 11 U.S.C. §§ 541 and 542(a))

227.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "226" as if fully set forth herein.

228.    Sledziejowski testified that the Debtors advanced funds to Defendant MyPlace Development under the terms of the MyPlace Financing Arrangement.

229.    Sledziejowski testified that Defendant MyPlace and, upon information and belief, one or more of the other Defendants are liable under the terms of the MyPlace Financing Arrangement.

230.    Sledziejowski testified that Defendant KH remitted $7.2 million U.S. dollars to the Debtors in late 2009 in partial satisfaction of Defendants obligations under the MyPlace Financing Arrangement.

231.    Sledziejowski testified that Defendants are indebted to the Debtors in an amount in excess of $7 million U.S. dollars.

232.    Based on the foregoing, the Court should compel Defendants to turn over all property of the Debtors, including without limitation, the amounts owed under the terms of the MP Financing Arrangement, plus interest, to the Trustee for the benefit of the Debtors' estates and creditors.

## ELEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### (Injunctive Relief)

233.   Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "232" as if set forth fully herein.

234.   The property transferred to Defendants by the Transfer and/or the MyPlace Financing Arrangement is property of the Debtors' estates.

235.   Upon information and belief, Defendants are attempting to convey the property transferred to Defendants by the Transfer and/or the MyPlace Financing Arrangement to, or for the benefit of, third parties.

236.   The Debtors' estates will suffer irreparable injury if Defendants are permitted to convey the property transferred to Defendants by the Transfer and/or the MyPlace Financing Arrangement to, or for the benefit of, third parties.

237.   Plaintiff is likely to prevail on the merits of its claims against Defendants based upon the allegations set forth herein and the facts of this case.

238.   The balance of hardships weigh decidedly in favor of the granting of injunctive relief as upon information and belief, Defendants are attempting to convey the property transferred to them by the Transfers and/or the MyPlace Financing Arrangement to, or for the benefit of, third parties.

239.   Consequently, Plaintiff seeks a permanent injunction preventing Defendants from conveying the property transferred to them by the Transfer to any third party.

240.   Pursuant to Bankruptcy Code §105, Bankruptcy Rule 7065, and Rule 65 of the Federal Rules of Civil Procedure, the Court may enjoin a party from proceeding with or continuing with, a course of conduct or practice which depletes, diminishes and/or effects property and/or diminishes the value of those assets or impairs Plaintiff's recovery efforts.

241.    By reason of the foregoing, Plaintiff is entitled to an order and judgment granting a permanent injunction, plus costs and other fees, or such other amounts as to be proven at trial.

**TWELFTH CLAIM FOR RELIEF AGAINST THE DEFENDANTS**
**(Accounting Pursuant to 11 U.S.C. § 542(a))**

242.    Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "241" as if fully set forth herein.

243.    Defendant KREH, Defendant KREIC and/or Defendant KRES have retained the Transfer for which nominal consideration was provided to the Debtors.

244.    The Transfer was made while the Debtors were insolvent, held unreasonably small capital and/or could not pay its debts as they came due.

245.    The Transfer is a fraudulent conveyance, which the Trustee may avoid and recover pursuant to 11 U.S.C. §§ 544, 550, 551 and New York State Debtors and Creditor Law §§ 270, et seq.

246.    The Transfer constitutes property of the Debtors' estates pursuant to Bankruptcy Code § 541(a).

247.    Sledziejowski testified that the Debtors advanced funds to Defendant MyPlace Development under the terms of the MyPlace Financing Arrangement.

248.    Sledziejowski testified that Defendant MyPlace and, upon information and belief, one or more of the other Defendants are liable under the terms of the MyPlace Financing Arrangement.

249.    Sledziejowski testified that Defendant KH remitted $7.2 million U.S. dollars to the Debtors in late 2009 in partial satisfaction of Defendants obligations under the MyPlace Financing Arrangement.

250.    Sledziejowski testified that Defendants are indebted to the Debtors in an amount in excess of $7 million U.S. dollars.

251.    By reason of the foregoing, Plaintiff is entitled to an accounting of: (a) any and all property transferred by the Debtors to or for the benefit of Defendants (individually and jointly); (b) the reasons for Defendants' retention of all funds paid by the Debtors to, or for the benefit of, Defendants during the period of January 1, 2008 through the present, and (c) the outstanding balance owed by Defendants under the terms of the MyPlace Financing Arrangement.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in her favor and award the following relief:

i.       Against the Defendants: on the First, Sixth and Eighth Claims for Relief, for damages on behalf of the Debtors in an amount to be determined at trial, but in no event is such amount believed to be less than $7,000,000.00 U.S. dollars, as well as any additional amounts that may be revealed in discovery, plus interest; directing that a money judgment be entered for that amount, and attaching the assets of the Defendants to prevent transfers therefrom in the foregoing amounts;

ii.      Against Defendant KREH, Defendant KREIC and Defendant KRES: on the Second, Third, and Fourth Claims for Relief, voiding the Transfer, and for damages on behalf of the Debtors in an amount to be determined at trial, as well as any additional amounts that may be revealed in discovery, plus interest; directing that a money judgment be entered for that amount, and attaching the assets of the Defendant KREH, Defendant KREIC and/or Defendant KRES to prevent transfers therefrom in the foregoing amounts;

iii.     Against Defendant KREH, Defendant KREIC and/or Defendant KRES: on Fifth and Seventh Claims for Relief, for damages on behalf of the Debtors in an amount to be determined at trial, as well as any additional amounts that may be revealed in discovery, plus interest; directing that a money judgment be entered for that amount, and attaching the assets of the Defendants to prevent transfers therefrom in the foregoing amounts;

iv.      Against Defendant KREH, Defendant KREIC and/or Defendant KRES: on the Ninth Claim for Relief, directing Defendant KREH, Defendant KREIC and/or Defendant KRES to turn over all property of the Debtors, including without limitation, the Transfer, plus interest, to the Trustee for the benefit of the Debtors' estate and creditors;

v.       Against Defendants: on the Tenth Claim for Relief, directing Defendants to turn over all property of the Debtors, including without limitation, the Transfer, plus interest, to the Trustee for the benefit of the Debtors' estate and creditors;

vi.       Against the Defendants: on the Eleventh Claim for Relief, granting a preliminary injunction and permanent injunction against the Defendants, plus costs and expenses, including attorneys' fees, or such other amounts as to be proven at trial;

vii.       Against the Defendants: on the Twelfth Claim for Relief, an accounting of: (a) any and all property transferred by the Debtors to or for the benefit of Defendants (individually and jointly); (b) the reasons for Defendants' retention of all funds paid by the Debtors to, or for the benefit of, Defendants during the period of January 1, 2008 through the present, and (c) the outstanding balance owed by Defendants under the terms of the MyPlace Financing Arrangement;

viii.       On all claims, awarding pre- and post- judgment interest, costs and disbursements as allowed by law;

ix.       On all claims, awarding attorneys' fees as allowed by law;

x.       On all claims, allowing punitive damages, as allowed by law; and

xi.       On all claims, awarding such other and further relief as may appear just and proper.

Dated: January 15, 2015          **LaMONICA HERBST & MANISCALCO, LLP**
      Wantagh, New York          Counsel to Plaintiff Marianne T. O'Toole, as
                                             Trustee

                      By:     *s/ Joseph S. Maniscalco*
                                  Joseph S. Maniscalco, Esq.
                                  A Member of the Firm
                                  3305 Jerusalem Avenue
                                  Wantagh, New York 11793
                                  Telephone: (516) 826-6500