# EXHIBIT A

# GRZYBKOWSKI & GUZEK
Adwokacka Spółka Partnerska

November 1, 2007

## TWS Investment Partners LLC and

and

## MyPlace Development
Spółka z ograniczoną odpowiedzialnością w organizacji

---

### LOAN
### AGREEMENT

---

adwokat Tomasz Grzybkowski, adwokat Tomasz Guzek
61-762 Poznań, ul. Dominikańska 3, tel. 061/852 62 77 fax 061/ 852 62 78 kancelaria@grzybkowski-guzek.pl

FRE 408 CONFIDENTIAL

MYPLACE000001

# CONTENTS

1. LOAN ....................................................................................................................................3
2. TRANSFERRING THE SUBJECT OF THE LOAN ..............................................................3
3. INTEREST RATE....................................................................................................................3
4. REPAYMENT OF THE LOAN...............................................................................................4
5. GENERAL STIPULATIONS ..................................................................................................4

FRE 408 CONFIDENTIAL                                                                                                MYPLACE000002

HEREBY LOAN AGREEMENT („**Agreement**") was concluded in New York on November 1, 2007, between:

1. **TWS Investment Partners LLC**, z siedzibą i adresem: 1201 Pennsylvania Avenue Suite 600, Waszyngton DC, 20004, Stany Zjednoczone, reprezentowaną przez: Romana Śledziejowskiego („**Lender**"); and

2. **MyPlace Development Spółka z ograniczoną odpowiedzialnością w organizacji**, domiciled in Poznań, ul. Palacza 113, („**Borrower**"); represented by:

   Sebastian Kulczyk – President,
   Andrzej Drews – Vicepresident,

Both Lender and Borrower shall be hereinafter referred to as „**Party**", and they shall be together referred to as „**Parties**".

PARTIES AGREE, as follows:

# 1. LOAN

Accepting the Borrower's application, Lender grants to Borrower, pursuant to this Agreement's stipulations, a monetary loan („**Loan**") in the amount of 1.300.000,00 (say: one million three hundred thousand) USD.

# 2. TRANSFERRING THE SUBJECT OF THE LOAN

The amount of the loan shall be paid into Borrower's account pointed out by the Borrower, within three working days from the date of hereby Agreement's conclusion.

# 3. INTEREST RATE

3.1.  The Parties agreed that the interest rate of the Loan, in a year's time scale for a given calendar year, shall equal an amount of 12 (twelve)%.

3.2.  Interest rates shall be calculated by Lender on the basis of factual number of days which passed since the day on which the Loan amount entered the Borrower's account to the day of repayment of the Loan, in a yearly ratio, assuming that a year numbers 365 days.



## 4. REPAYMENT OF THE LOAN AND SECURING THE CLAIMS

4.1. Hereby Agreement shall be concluded after a period of 2 (two) years.

4.2. After expiry or in case of termination of the Agreement the Borrower shall be obliged to repay the full amount of Loan together with the interests due for the period ending the day when the repayment takes effect - in the term of 30 days from the date of termination, into the Lender's bank account. The Borrower shall be entitled the full amount of Loan before the date stated above.

4.3. As securing the claims of the Agreement, the Borrower is obliged to write a real estate mortgage securing an existing or future claim to the maximum amount of 1.300.000,00 (say: one million three hundred thousand), which shall concern the land placed in Lusówko registered in land register under the number PO1P/00130290/3 and the entitled person shall be the Lender.

4.4. The Lender is entitled to transfer rights and claims concerning the Borrower arising from the Agreement.

## 5. GENERAL STIPULATIONS

5.1. Representatives of the Parties:

   5.1.1. Lender's representative is Roman Śledziejowski.

   5.1.2. Borrower's representative is Michał Jackowski, attorney.

   5.1.3. Parties may, in the form determined in art. 5.2, make change of their representatives.

5.2. Notifications

Any notifications and other correspondence between the Parties shall be made in the written form, in English language and

   (i)   delivered personally, or

   (ii)  sent by fax, or

   (iii) sent by electronic mail,

to the addressee, to the address given below or any such address, which may be specified in the above-mentioned way:

**If to Lender:** 1201 Pennsylvania Avenue Suite 600, Waszyngton DC, 20004, Stany Zjednoczone

fax: (001) 202 350 8790

e-mail: roman@tradewallstreet.com

**If to Borrower:** Michał Jackowski

Adwokacka Spółka Partnerska Grzybkowski & Guzek

ul. Dominikańska 3

61-762 Poznań

fax: +48-61-852 62 78

e-mail: m.jackowski@grzybkowski-guzek.pl

5.3.    Changes to the Agreement

The hereby Agreement constitutes the whole of the agreement between Parties pertaining to the matters settled herein, and supersedes any earlier agreements between Parties pertaining to such matters. Any change of the hereby Agreement shall be made in a written form, signed by both Parties, under the clause of nullity.

5.4.    Competent law

The law competent for the hereby Agreement is the law of the Republic of Poland.

5.5.    Settlement of disputes

Any disputes resulting from the hereby Agreement or connected with it are to be settled by common court in Poznań.

5.6.    Confidentiality

5.6.1.    Each of the Parties undertakes, towards the other Party, from the day of conclusion of the hereby Agreement, not to use, take advantage of, or transfer to any other Person any confidential information concerning the activity, book-keeping, finances, contractual stipulations or intellectual property (both their own as well as owned by Parties on the basis of a licence) or any business, transactions, deals or property of the other Party, about which it might learn, and that it will do its best, in a reasonable extent, to prevent publication of, or disclosure of any confidential information concerning such matters, whereas such obligation shall remain binding for the Party which undertook it also after it stops being the Party of the hereby Agreement, or stops in any other way being engaged in the matters of the other Party.

5.6.2.    Each of the Parties shall treat as strictly confidential any information received or acquired as a result of concluding, or execution of the hereby Agreement, relating in particular to negotiations, stipulations and the subject of the hereby Agreement.

5.6.3.    Irrespective of any contrary stipulations contained in hereby art. 5.7, each of the Parties may disclose the information which would be deemed confidential otherwise, in the scope determined below:

(i)    if it is required by law or a court of competent jurisdiction,

(ii)    if it is required by a public administration authority,

(iii)   if it is essential for realization or settlement of this Agreement, provided that in each such case a similar obligation to keep this information confidential shall be laid on the entities to whom the information shall be disclosed,

(iv)   if the information becomes known to the public without the fault of any of the Parties, or

(v)    if the other Party gives its prior written consent for disclosure of the information and such consent shall not be unreasonably withheld or delayed.



5.6.4. In case of the termination of the Agreement, confidentiality obligations defined in hereby art. 5.7 shall remain valid after the termination of the hereby Agreement or cession of rights resulting from it, and they shall remain in force for the Parties for the period of five years after such termination or cession.

5.7. Headlines and references

The descriptive headlines of articles of the hereby Agreement have been used only for convenience, and they do not affect the interpretation of the hereby Agreement. Any references in the hereby Agreement to an „Article" relate to appropriate Articles or Annexes to the hereby Agreement, unless it was indicated otherwise. Annexes to the hereby Agreement constitute its part and are incorporated in its contents.

5.8. Impartiality

In case when there arise any questions not explicitly or implicitly settled by the hereby Agreement, while the hereby Agreement is in force, the Parties agree that such question shall then be settled in an impartial way, so that it is not, if possible, in any way detrimental to any Party's business.

5.9. Costs

Any possible charges connected with granting the Loan shall be covered by Borrower.

5.10. Copies and the Language of the Agreement:

The Agreement has been drawn in two equivalent copies of each version for each Party.

**Lender:** *[signature]*

**Borrower:** *[signatures: Sebastian ___, Andrey ___]*

6