# EXHIBIT H

3 December, 2009

(1) **KULCZYK REAL ESTATE HOLDING SARL**

(2) **ROMAN ŚLEDZIEJOWSKI**

---

**SHARES SALE AGREEMENT
RELATING TO SHARES IN
MYPLACE DEVELOPMENT SP. Z O.O.**

---



This **SHARES SALE AGREEMENT RELATING TO THE SHARES IN MYPLACE DEVELOPMENT SP. Z O.O.** (the "**Agreement**") was made on 3 December 2009,

**BETWEEN:**

1) **Kulczyk Real Estate Holding S.ar.l.**, a company duly incorporated and organised under the laws of the Grand Duchy of Luxembourg, with its seat at 13-15 Avenue de la Liberté, L-1931 Luxembourg, registered in the companies register R.C.S Luxembourg under number B 134 942 (hereinafter referred to as the "**Purchaser**"); and

2) **Mr. Roman Śledziejowski**, residing at 195 Evan Drive, Ossining, NY 10562, holding a U.S. passport; number P112585442, Polish PESEL: 80121804174 (hereinafter referred to as the "**Seller**");

hereinafter referred to as the "**Parties**" and individually as a "**Party**".

**WHEREAS:**

A) MyPlace Development Spółka z ograniczoną odpowiedzialnością with its registered seat at ul. Palacza 113, 60-133 Poznań, Poland, is entered into the Register of Enterprises of the National Court Register under number KR292648 ("**Company**");

B) The Seller holds 250 (two hundred and fifty) shares with a nominal value of PLN 50 (fifty hundred Polish zlotych) each and a total nominal value of PLN 12,500 (twelve thousand five hundred Polish zlotych), constituting 25% (twenty five percent) of the share capital of the Company ("**Shares**");

C) The Seller intends to sell and the Purchaser intends to purchase the Shares;

**NOW, THEREFORE THE PARTIES AGREE AS FOLLOWS:**

**1.    Sale of the Shares and Payment**

1.1    The Seller hereby transfers to the Purchaser the ownership of the Shares for the purchase price equal to PLN 12,500 (twelve thousand five hundred Polish zloty) ("**Purchase Price**"), effective as of the date of this Agreement.

1.2    The Purchase Price will be paid in cash. The Seller hereby confirms that he received the Purchase Price together with signing this Agreement.

1.3    The Shares are sold free and clear of any encumbrances, along with all the rights attached to them.

1.4    Together with signing of this Agreement, the Seller and the Purchaser will sign a notification to the Company about the transfer of the Shares, as required under Article 187 of the Polish Commercial Companies Code, in the form constituting Attachment 1 hereto.

**2.    Representations and warranties of the Seller**

The Seller hereby represents and warrants that, as of the date of this Agreement:

2.1    he is duly authorised to enter into the Agreement and has obtained all consents required in order to enter into the Agreement;

2.2    the Shares constitute his personal property and no consent of his wife for the sale of the Shares is required;



Page | 2

2.3 he is the owner of the Shares, the Shares are free from any encumbrances and no third party has any rights with respect to the Shares;

2.4 the share capital of the Company amounts to PLN 50,000 and there were no resolutions of the shareholders meeting of the Company adopted regarding increase of the share capital that are not yet registered in the National Court Register;

2.5 the Shares were fully paid up and there are no un-paid obligations resulting from the Shares with respect to the Company or to any third party;

2.6 according to the Articles of Association of the Company sale of the Shares to the Purchaser does not require consent of any corporate body of the Company or any third party;

2.7 no receiver, liquidator, or other court or governmental official has been appointed to manage (or to assist the management of) all or any part of the assets or operations of the Company;

2.8 no request, declaration or filing has been made with a view to the judicial reorganization, judicial liquidation, receivership or bankruptcy of the Company or with a view to the dissolution and anticipated liquidation of the Company;

3. **Representations of the Purchaser**

The Purchaser hereby represents and warrants that, as of the date of this Agreement:

3.1 it is validly existing under the laws of Poland;

3.2 it has full power to enter into, and perform this Agreement, and that this Agreement constitutes its binding obligation in accordance with its terms,;

3.3 the execution and delivery of, and the performance by it of its obligations under this Agreement will not result in breach of any provision of its memorandum, articles of association, by-laws or other constitutional documents;

3.4 save as provided in this Agreement, all consents, permissions, approvals and agreements of its shareholders or any third parties which are necessary or desirable for it to obtain in order to enter into and perform this Agreement in accordance with its respective terms have been unconditionally obtained in writing.

4. **Confidentiality**

4.1 Except in relation to affiliated companies or their professional advisors, the Parties hereto shall hold in confidence all knowledge and information of a secret or confidential nature with respect to the terms and conditions of this Agreement and agreements related hereto and the business of the other Parties, and shall not disclose, publish or make use of the same without the prior written consent of the other Party, except to the extent that:

(a) disclosure is required by law or legal process,

(b) such information has become public knowledge other than by breach of this Agreement by the disclosing Party.

4.2 The Parties warrant to each other that the confidentiality obligation resulting from Clause 4.1. above will be followed by any professional advisors to which any information is passed.

5. **Costs**

5.1 Each Party shall bear its own costs in connection with the preparation and negotiation of this Agreement.



Page | 3

5.2   The costs of notarial fees and the tax on civil transactions resulting from the execution of this Agreement will be borne by the Purchaser.

## 6.   Governing Law and Arbitration

6.1   This Agreement shall be governed by and construed in accordance with the substantive laws of Poland.

6.2   Except as they relate to injunctive relief, any dispute, controversy or claim which may arise out of or in connection with this Agreement, or the breach, withdrawal or invalidity thereof, shall be finally settled by a common court respective for the seat of the Purchaser.

## 7.   General Provisions

7.1   Any provision of this Agreement which is invalid, illegal at or unenforceable in any jurisdiction shall, for that jurisdiction, be ineffective to the extent of such invalidity, illegality or unenforceability, without affecting in any way the remaining provisions hereof in such jurisdiction, or rendering that or any other provision of this Agreement invalid, illegal or unenforceable in any other jurisdiction. The Parties hereby undertake to replace any invalid or ineffective provisions with new provisions which are valid and effective and come as close as possible to the invalid or ineffective provisions.

7.2   Any notice or other document to be served under this Agreement may be delivered or sent by recorded delivery mail, internationally recognised courier or facsimile to the Party to be served at the Party's address set out below, or at such other address as it may have notified to the other Parties in accordance with this Clause.

The Parties addresses for service of notices are as follows:

for the Seller:

Roman Śledziejowski
195 Evan Drive
Ossining, NY 10562
Tel: 718-609-4100
Fax: 718-349-0529
e-mail: rsledziejowski@twscapitalpartners.com

for the Purchaser:

Kulczyk Real Estate Holding S.ar.l.
13-15 Avenue de la Liberté
L-1931 Luxembourg
Tel. +
Fax +
Attention: Management Board

Any notice or document shall be deemed to have been served:

(a)   if delivered by courier or recorded post, at the time of delivery; or

(b)   if sent by facsimile, two hours after despatch, if despatched before 3.00 p.m. on any business day, and in any other case at 10.00 a.m. on the business day following the date of despatch

7.3   In providing service of a notice or document, it shall be sufficient to prove that delivery was made, or that a facsimile message was properly addressed and a confirmation of receipt received, as the case may be.



Page | 4

7.4    This Agreement was executed in writing, with signatures certified by a Notary Public. Any amendments to this Agreement must be executed in writing with signatures certified by a Notary Public, otherwise being null and void.

7.5    This Agreement is executed in 3 (three) counterparts in the English language each of which shall be deemed an original, but all of which together shall constitute one and the same document.

**ROMAN ŚLEDZIEJOWSKI**

By: _____
Name: Roman Sledziejowski
Title: Shareholder

Subscribed and sworn to before me this
3 day of December 2009

Notary: _____

MARZENA POGORZELSKA
Notary Public, State of New York
No. 01PO6020315
Qualified in Kings County
Commission Expires March 11, 2011

**KULCZYK REAL ESTATE HOLDING SARL**

By: _____
Name:
Title:

By: _____
Name:
Title:

Notary for Roman Sledziejowski





Page | 5

## ATTACHMENT 1

### Notification about the transfer of the Company's Shares

December 3, 2009

**MyPlace Development Sp. z o.o.**
**Management Board**
**ul. Palacza 116**
**Poznań**
**Poland**

Dear Sirs,

Re:   Transfer of shares of MyPlace Development Sp. z o.o. ("Company")

Pursuant to Article 187 of the Commercial Companies Code:

1. We hereby notify you that pursuant to the Shares Sale Agreement relating to shares in the Company dated December 3, 2009, Mr. Roman Śledziejowski sold 250 shares it held in the Company to Kulczyk Real Estate Holding S.ar.l. with its seat at 13-15 Avenue de la Liberté, L-1931 Luxembourg, registered in the companies register R.C.S Luxembourg under number B 134 942;

2. Mr. Roman Śledziejowski hereby requests that he is deleted as the Company's shareholder from the Company's Share Register and from the National Court Register; and

3. Kulczyk Real Estate Holding S.ar.l. hereby requests that it is registered as the Company's shareholder in the Company's Share Register and in the National Court Register.

**ROMAN ŚLEDZIEJOWSKI**

By: _____
Name: Roman Sledziejowski
Title: Shareholder

**KULCZYK REAL ESTATE HOLDING SARL**

By: _____         By: _____
Name:                                  Name:
Title:                                 Title:

Subscribed and sworn to before me this 3 day of December 09

Notary

MARZENA POGORZELSKA
Notary Public, State of New York
No. 01PO6020315
Qualified in Kings County
Commission Expires March 11, 2011